UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANGELA ACEVEDO on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

SUMMARY

1.   This lawsuit arises under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") against Defendant Southwest Airlines Co. ("Defendant"). Defendant instituted company-wide policies that failed to pay the Plaintiff and the Class Members for all hours worked. As a result of not paying for all hours worked, Defendant owes the Plaintiff and the Class Members substantial wages.

2.   Defendant's unlawful policies include the following:

　i.  Requiring the Plaintiff and Class Members to take at least two, fifteen minute rest breaks without pay, each day;

　ii. Requiring the Plaintiff and Class Members to perform work at home during Defendant's training session without pay;

1

      iii.  Failing to compensate the Plaintiff and Class Members for their compensable preliminary and postliminary activities; and

      iv.  Rounding down the amount of time spent working by the Plaintiff and Class Members at the end of their shifts so that the total amount of the time spent working at the end of the shift was not paid.

3.      Consequently, Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, to be compensated at one and one-half times their regular rates of pay for each hour worked over forty (40) per week. *See* 29 U.S.C. § 207(a). Defendant's policies also violate the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22(D), which, like the FLSA, requires compensation for each hour worked over 40 at one and one-half times an employee's regular rate of pay.

4.      Plaintiff brings this collective action to recover unpaid overtime compensation owed to her individually and on behalf of all current and former customer service representatives of Defendant at any time during the three-year period prior to the filing of this Complaint.

5.      Plaintiff also brings her claims under the NMMWA on behalf of all current and former customer service representatives of Defendant who worked at any time during the three-year period prior to the filing of this Complaint in New Mexico. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. Defendant owes the Plaintiff and Class Members overtime pay at the rate of time and one-half their regular rates of pay for all hours worked over 40 in a workweek, liquidated damages, interest, attorneys' fees and court costs.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District. Plaintiff worked in this District when the violations took place.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Acevedo is an individual residing in Bernalillo County, New Mexico. Her written consent to this action is attached hereto as Exhibit "A." Plaintiff has been employed by Defendant in New Mexico during the last three years.

11. The FLSA Class Members are all of Defendant's current and former customer service representatives during the three-year period prior to the filing of this Complaint to the present.

12. The New Mexico Class Members are all of Defendant's current and former customer service representatives in New Mexico during the three-year period prior to the filing of this Complaint to the present.

13. Defendant Southwest Airlines Co. is a foreign corporation organized under the laws of Texas. Defendant Southwest Airlines Co. may be served process through its registered agent The Prentice-Hall Corporation System, Inc., 123 East Marcy Street, Suite 101, Santa Fe, NM 87501.

14. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of New Mexico. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

15. Specifically, Defendant employs residents of New Mexico, owns property in New Mexico, contracts with companies in New Mexico, and maintains a significant business presence in this state.

16. The causes of action in this suit arises from and relates to the contacts of Defendant with the state of New Mexico, specifically Defendant's employment of New Mexico citizens and its subsequent failure to pay those citizens in accordance with the FLSA and the NMMWA.

## COVERAGE

17. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

20. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

21. At all material times, Plaintiff and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

22. At all material times, Plaintiff and Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## FACTS

23. Defendant is an airline company that employs more than 47,000 workers.

24. To perform its operations, Defendant operates several customer service call centers.

25. Plaintiff worked in Defendant's customer service call center in Albuquerque, New Mexico along with approximately 500 other customer service representatives.

26. Plaintiff's primary duty was to communicate with customers to book customer reservations, answer questions, handle flight cancellations, and resolve general questions from Defendant's customers.

27. Defendant paid Plaintiff and the Class Members on an hourly basis.

28. Before the Plaintiff and Class Members began their work for Defendant, Defendant required an approximately six week training session.

29. This training session focused on customer relations skills as well as Defendant's operations.

30. The training session included a classroom module during which the Plaintiff and Class Members were paid their hourly rates.

31. However, this classroom module required extensive homework. The Plaintiff and Class Members were required by Defendant to complete the homework and the homework was directly related to their work for Defendant.

32. Unfortunately, the Plaintiff and Class Members were not paid for the time spent completing this homework.

33. The Plaintiff and Class Members were given a workbook containing questions they were required to answer at home. They were instructed by Defendant's trainers to complete the workbook at home and to submit their completed homework the next morning when those assignments were graded.

34. The Plaintiff and Class Members typically spent one hour to one and one half hours each night to complete the homework.

35. After completion of the training session, the Plaintiff and Class Members were allowed to work at the call centers. The call center is essentially an open room filled with hundreds of work stations.

36. However, the work stations are not pre-assigned but are filled by customer service representatives on a first come basis.

37. The call centers operate twenty hours each day with overlapping shifts. At times, the Plaintiff and Class Members spent 15 to 30 minutes to find an open computer and to log in to the computer system. Defendant did not compensate the Plaintiff and the Class Members for this time.

38. After finding an open work station, the next step is to turn on the computer. After turning on the computer, a customer service representative opens a series of programs in an order required by Defendant, including a program for processing reservations. The final program a customer service representative is to open is the phone system. The phone program serves as the time clock. Once this program is opened, the Plaintiff and Class Members were considered "clocked in."

39. Defendant required the Plaintiff and Class Members to be logged in to all of their programs and ready to field calls at the time their scheduled shift began. Defendant ran "productivity reports" on the Plaintiff and Class Members to identify those employees who were not logged in at the appropriate time. The Plaintiff and Class Members were "dinged" on these reports when not logged in and taking calls at their

assigned time. After a certain number of infractions, a customer service representative can be terminated. To avoid this, the Plaintiff and Class Members were told by their supervisors to arrive before their shifts began to locate a work station and to log in to begin work at their assigned times. Again, however, they were not paid for of all of their compensable pre-shift work.

40. At the end of the shift, the Plaintiff and Class Members were required to first close the phone program, which then clocked them out. Afterwards, the Plaintiff and Class Members were required to close the remainder of the computer programs. This process took approximately 10 minutes.

41. Furthermore, Defendant instituted a policy whereby the Plaintiff and Class Members were only paid for 15 minutes for calls occurring at the end of their shift. In other words, if the Plaintiff and Class Members were on a call that extended 45 minutes past the end of their shift, they would only be paid for 15 minutes of that call and would not be paid for the remaining 30 minutes.

42. This rounding policy resulted in the Plaintiff and the Class Members not being paid for all time worked. Defendant's policy was that the Plaintiff and Class Members were to be "clocked out" at their scheduled end time for their shirt regardless of whether they were still working.

43. Moreover, Defendant maintained a strict break schedule. The Plaintiff and Class Members were allocated two 15 minute rest breaks. These rest breaks were unpaid.

44. Defendant violated the law by not paying the Plaintiff and Class Members for these daily rest breaks. *See* 29 C.F.R. § 785.18.

45. By not paying for the time worked as described above, Defendant failed to pay for all hours worked. The Plaintiff and Class Members routinely worked at least 40 hours each week. Thus, they are owed substantial overtime wages for the time spent working over 40 hours each week that went unpaid.

46. Defendant's actions in this case were willful. Defendant knew the requirement to pay overtime at the rate of time and one half the regular rate of pay for all hours worked over 40 in a workweek but intentionally and/or recklessly chose to disregard the law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207

47. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

48. Defendant's practice of failing to pay Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law. *See* 29 U.S.C. § 207.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendant, Plaintiff, or the FLSA Class Members.

50. Due to its violations of the FLSA, Defendant is liable to Plaintiff and the FLSA Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all customer service representatives during the three-year period prior to the filing of this Complaint to the present.

52. Plaintiff has actual knowledge, through conversations with and personal observation of other employees, that a class of similarly situated workers exists who have been denied overtime pay by being subjected to the same illegal pay practices described above.

53. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to Defendant's policies of not paying for all hours worked. Like Plaintiff, the Class Members were subjected to the same policies which resulted in the following:

   a. Not being paid for time spent completing homework during the training session;

   b. Not being paid for all time spent completing their preliminary and postliminary activities;

   c. Not being paid for all of the time spent working at the end of the shift as a result of Defendant's rounding policy; and

   d. Not being paid for daily rest breaks.

54. Defendant uses the same compensation structure regardless of the supervisor of a particular Class Member.

55. All customer service representatives perform the same job functions.

56. The names and address of the Class Members of the collective action are available from Defendant's records.  The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

57. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated using a simple formula.

58. The class of similarly situated FLSA Class Members may be properly defined as follows:

> All current and former customer service representatives at any time during the three-year period prior to the filing of this Complaint up to the present.

59. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## COUNT II
## VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

60. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

61. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning of the NMMWA.

62. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

63. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

64. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

65. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

66. Plaintiff brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All current and former customer service representatives in New Mexico at any time during the three-year period prior to the filing of this Complaint up to the present.

67. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 500.

68. The members of the class are so numerous that their individual joinder is impractical.

69. The identity of the members of the New Mexico Class is readily discernible from Defendant's records.

70. Plaintiff and the proposed New Mexico Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

71. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

a) Whether Plaintiff and the New Mexico Class Members worked hours in excess of forty per work week;

b) Whether Plaintiff and the New Mexico Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by New Mexico Law; and

c) Whether Defendant failed to pay for all hours worked.

72. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

73. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with New Mexico law, just as was done with respect to the New Mexico Class Members.

74. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

75. The class action under New Mexico state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all

parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

76. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

77. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. For the FLSA Class Members, an equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. For the New Mexico Class Members, an amount equal to twice their unpaid wages and interests;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and the NMMWA; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

/s/ Daniel M. Faber
Daniel M. Faber
dan@danielfaber.com
4620C Jefferson Lane NE
Albuquerque, NM 87109
(505) 830-0405

KENNEDY HODGES, L.L.P.
Don J. Foty
DFoty@kennedyhodges.com
Texas State Bar No. 24050022 (Will Apply for Admission *Pro Hac Vice*)
John Neuman
Texas State Bar No. 24083560 (Will Apply For Admission *Pro Hac Vice*)
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS